**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

MARLON MCWILLIAMS,

          *Plaintiff,*

    *v.*

NITZAN PELMAN,
and CLIMB HIRE,

          *Defendants.*

---------------------------------------------------------------x

**COMPLAINT**

**1:22-cv-9887**

**JURY REQUESTED**

    Plaintiff Marlon McWilliams, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendants Nitzan Pelman and Climb Hire ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1. This case is about Plaintiff's illegal termination out of retaliation for raising the rights of others.

2. Plaintiff was terminated after complaining about discriminatory statements spoken by Defendant Pelman in front of him and others.

3. Plaintiff's termination was out of retaliation on violation of 42 U.S.C. §1981, the New York City Human Rights Law, and the New York State Human Rights Law.

**JURISDICTION**

4. Pursuant to 28 U.S. Code § 1331 this Court has jurisdiction because there is a federal question.

5. Pursuant to 28 U.S. Code § 1332 this Court has jurisdiction because there is complete diversity of parties.

6. Pursuant to 28 U.S. Code § 1367 this Court has jurisdiction over the State law claims because the claims arise out of the same transaction or occurrence.

1

7. Defendants purposefully availed themselves to this Court by recruiting Plaintiff for employment in New York, hiring him in New York, and having him work in New York.

## PARTIES

8. Plaintiff was and is a resident of New York, New York.

9. Defendant Pelman was and is a resident of Berkley, California.

10. Defendant Climb Hire was and is a non-profit corporation operating under the laws of the State of California with a principal place of business at 494 Boyton Avenue, Berkeley, California 94707.

## JURY DEMAND

11. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

12. McWilliams began working for Climb Hire in September 2022 as VP of Employer Partnerships. He turned down multiple job offers which offered significantly higher salaries because he believed in the Climb Hire mission.

13. Climb Hire's mission is to support adults entering the workforce with a focus on supporting minorities and minority communities.

14. Climb Hire's website further states "[w]e seek to build a diverse staff representative of the communities we serve. Climb Hire is committed to working with external consultants to build a robust DEI culture."

15. This message drew Mr. McWilliams in as he was committed to supporting the advancement of all people regardless of age, gender, sex, race, color, or any other physical trait.

16. On September 20, 2022, shortly after his employment began, McWilliams arrived in California for a company retreat.

17. Later that day, in a small group with CEO Defendant Pelman and four others,

Defendant Pelman proclaim that she adamantly refused to hire white people into senior roles at Climb Hire.

18. McWilliams tried to clarify, asking whether she meant that she is trying to build a diverse company.

19. Defendant Pelman said no, "I know what I am saying, and I know what it means, I will not hire another white person at Climb Hire, especially not in leadership."

20. McWilliams again pushed back at this statement, telling Defendant Pelman that what she was saying was not only morally wrong, but illegal.

21. McWilliams has been a human resources professional for over a decade and is keenly aware to what can and cannot be said in the workplace.

22. Because of this, McWilliams told Defendant Pelman that it is illegal to deny someone employment because of their race.

23. Defendant Pelman adamantly refused to listen and only reaffirmed that she would refuse to hire certain people based on race.

24. After Defendant Pelman left the room following her bizarre and illegal proclamation, Tim Valenti, a white man, turned to McWilliams and confided that when he was hired, Pelman said "now I need to hire a black person to offset your hire."

25. Valenti confessed to McWilliams that this made him "feel terrible" and that he did not belong at Climb Hire, and that Pelman says these discriminatory statements daily.

26. Following this, around 1:30pm, McWilliams spoke to Chief People Officer, Sorby Grant, and asked to submit a complaint of discrimination.

27. Grant confessed "I am very aware of this, she has been coached on this many times and it's an ongoing conversation that we are having."

28. Around 5:30pm McWilliams spoke with Chief Operating Officer Tamaraq Urquhart, again describing the conversation with Pelman.

29. Urquhart, like Grant, said she was aware of this issue and had 'counseled' Pelman on it.

30. Urquhart also said she would speak to Pelman about what Valenti had said.

31. That same night, at 11:46pm, McWilliams received a text from Urquhart asking him to push his early morning meetings off so she could meet him for breakfast as she urgently needed to speak with him.

32. The next day, around 8:30am, Urquhart and McWilliams met for breakfast. Almost immediately, Urquhart notified McWilliams of his termination, saying "it's just not working out."

33. When McWilliams asked whether it had anything to do with him complaining about race discrimination, Urquhart said "that certainly didn't help."

34. McWilliams said that he believed his terminated was retaliatory, to which Urquhart only said "well, I'm just as surprised as you, but the decision has been made to end your employment."

## CAUSES OF ACTION
## FIRST CLAIM

### Retaliation in Violation of 42 U.S.C. §1981

35. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

36. Under 42 U.S.C. §1981, it is illegal for an employer to retaliate against an employee for complaining about race discrimination.

37. Plaintiff is a Black man who complained about race discrimination.

38. Immediately after complaining about Defendant Pelman's discriminatory statements, Plaintiff had his contract for employment ended by Defendant Climb Hire.

39. There is a causal connection between Plaintiff acting on his right to complain about race discrimination and his illegal, retaliatory termination.

40. Defendant Climb Hire violated 42 U.S.C. §1981 when it illegally terminated Plaintiff and owes him damages such as front pay, back pay, all lost compensation, fees, costs, and any other remedy the Court deems fair and just.

## SECOND CLAIM

### Retaliation in Violation of the New York City Human Rights Law

41. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

42. Under the New York City Human Rights Law, it is illegal for an employer to retaliate against an employee for complaining about a discriminatory practice.

43. Defendants are both employers under the New York City Human Rights Law as they purposefully availed themselves to an employee in New York, Plaintiff, and allowed that employee to conduct business in New York.

44. Defendant Pelman proclaimed that she would not hire white people at Climb

5

Hire and that she "certainly" would not hire them in leadership.

45. Refusing to hire someone based on race is a violation of the New York City Human Rights Law.

46. Plaintiff properly complained about Pelman's race discrimination.

47. Defendants immediately fired Plaintiff after he complain about race discrimination.

48. Defendants violated the New York City Human Rights Law when they illegally terminated Plaintiff and owe him damages such as front pay, back pay, all lost compensation, fees, costs, and any other remedy the Court deems fair and just.

## THIRD CLAIM

**Retaliation in Violation of the New York State Human Rights Law**

49. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 34 with the same force as though separately alleged herein.

50. Under the New York State Human Rights Law, it is illegal for an employer to retaliate against an employee for complaining about a discriminatory practice.

51. Defendant Climb Hire is an employer under the New York State Human Rights Law as is purposefully availed itself to an employee in New York, Plaintiff, and allowed that employee to conduct business in New York.

52. Defendant Pelman proclaimed that she would not hire white people at Climb Hire and that she "certainly" would not hire them in leadership.

53. Refusing to hire someone based on race is a violation of the New York State Human Rights Law.

54. Plaintiff properly complained about Defendant Pelman's race discrimination.

55. Defendant Climb Hire immediately fired Plaintiff after he complained about race discrimination.

56. Defendant Climb Hire violated the New York State Human Rights Law when they illegally terminated Plaintiff and owe him damages such as front pay, back pay, all lost compensation, fees, costs, and any other remedy the Court deems fair and just.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

D. For such other and further relief as the Court deems just and proper.

Dated: New York, NY
November 21, 2022

                                **THE HARMAN FIRM, LLP**

                                By: _/s/ Walker G. Harman, Jr._
                                Walker G. Harman, Jr.
                                1270 Sixth Ave.
                                Suite 756
                                New York, NY 10020
                                (646) 248-2288
                                wharman@theharmanfirm.com
                                *Attorney for Plaintiff*